UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 ANNUITY FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 HEALTH AND WELFARE FUND, PLASTERERS AND CEMENT MASONS LOCAL 40 APPRENTICESHIP FUND, and DONALD LAVIN, in his official capacity as Co-Administrator of the Fund., Plaintiffs, | : | C.A. No. 04-83ML |
| v. | : | |
| MANUEL R. PAVAO CONTRACTOR, INC., Defendant. | : | |

**THIRD-PARTY COMPLAINT**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff, Manuel R. Pavao Contractor, Inc. ("Pavao") asserts this Third-Party Complaint against Third-Party Defendant, Bricklayers AFL-CIO, Local Union 1, by and through their President, David Schiapo, Secretary, Raymond Rigney, Jr. and Business Manager, Joseph Contarino ("Local 1").

**Facts Common to Allegations**

1. Pavao is a Massachusetts corporation with a principal place of business in Rehoboth, Massachusetts and is authorized to conduct business in Rhode Island.

2. Local 1 is an unincorporated association with a principal place of business in Cranston, Rhode Island.



6

3. Pavao employed an individual named Henrique DaSilva at certain times relevant to this dispute, from April 2003 to the present. At certain times during this period, Pavao did not employ Mr. DaSilva or any other individuals requiring the payment of relevant union benefits by Pavao.

4. For all periods in which Mr. DaSilva in fact worked for Pavao, Pavao paid all union benefits required for Mr. DaSilva's employment directly to the Local 1.

5. Pavao erroneously, but in good faith, believed that the payments made to Local 1 were due Local 1.

6. Subsequently, Pavao learned that the payments made to Local 1 were in fact required to be paid to the Plasterers and Cement Masons Union, Local 40 ("Local 40"), pursuant to an agreement between Pavao and Local 40.

7. Upon discovering the error in payments made to Local 1, Ms. Leslie Louro, Pavao's office manager, contacted Mr. Anthony D'Antuano, business agent for Local 40, who represented that the amounts paid by Pavao to Local 1 would be transferred from Local 1 to the appropriate funds held by the Local 40.

8. Pavao actually paid $6,571.14 in benefits to Local 1, when in fact the Local 40 benefits due under the Local 40 union agreement total only $5,381.85, resulting in an excess payment of $1,189.29.

## COUNT I - INDEMNIFICATION

9. Pavao restates the allegations of paragraphs 1 through 8 above, as if fully set forth herein.

10. Local 40 has alleged that it is owed benefits due on behalf of Mr. DaSilva, which benefits have been erroneously, and in good faith, paid to Local 1.

11. To the extent Pavào is found liable for any amounts due Local 40 in this action, it is entitled to full indemnification for said amounts from Local 1.

12. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Pavao requests judgment against Local 1 to the extent of any judgment for damages against Pavao in this action.

**COUNT II - CONTRIBUTION**

13. Pavao restates the allegations of paragraphs 1 through 8 above, as if fully set forth herein.

14. Local 40 has alleged that it is owed benefits due on behalf of Mr. DaSilva, which benefits have been erroneously, and in good faith, paid to Local 1.

15. If Pavao is found liable for any damages to the Local 40, it is entitled to contribution for said amounts, if any, from the Local 1.

16. All conditions precedent to the maintenance of this action have been performed.

WHEREFORE, Pavao requests judgment against Local 1 to the extent of any judgment for damages against Pavao in this action.

**COUNT III - CONVERSION**

17. Pavao restates the allegations of paragraphs 1 through 8 above, as if fully set forth herein.

18. The benefits paid by Pavao on Mr. DaSilva's behald are identifiable, and were intended to fund appropriate union trusts and apprenticeship programs.

19. Local 1 has converted said funds to its own use, without authority to do so, and despite its obligation to transfer said funds to Local 40.

20. Local 1 has further retained and converted funds to its own use in excess of the amounts actually due Local 40, which must be refunded to Pavao forthwith.

WHEREFORE, Pavao requests judgment against Local 1 for its damages, plus interest and costs.

Respectfully submitted,

Manuel R. Pavao Contractor, Inc.
by its attorneys,

Daniel K. Kinder, Esq. (#2151)
Joseph P. Quinn (#6832)
LITTLE, MEDEIROS, KINDER,
BULMAN & WHITNEY, P.C.
72 Pine Street
Providence, RI 02903
Phone (401) 272-8080
Fax (401) 521-3555

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2004 I served by first-class mail a true copy of the within THIRD-PARTY COMPLAINT on Joseph Pezza, Esq., Rodio & Ursillo, Ltd., 86 Weybosset Street, Providence, RI 02903. The Third-Party Defendant is currently being served with process, through its named officers.