UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PLASTERERS AND CEMENT MASONS LOCAL 40 PENSION FUND, ET AL., Plaintiffs, | : | |
| VS. | : | C.A. NO. 04-83 – ML |
| MANUEL R. PAVAO CONTRACTOR, INC., Defendant/ Third-Party Plaintiff, | : | |
| VS. | : | |
| RHODE ISLAND BRICKLAYERS ANNUITY FUND, ET AL. as Trustees, Third-Party Defendants. | : | |

**ANSWER OF THIRD-PARTY DEFENDANTS RHODE ISLAND BRICKLAYERS ANNUITY FUND, ET AL. TO FIRST AMENDED THIRD-PARTY COMPLAINT OF MANUEL R. PAVAO CONTRACTOR, INC.**

Third-Party Defendants Rhode Island Bricklayers Annuity Fund, Rhode Island Bricklayers Health and Welfare Fund, and Rhode Island Bricklayers Pension Fund (hereinafter collectively "Bricklayers Funds") and Joseph Contarino, J. Robert Wahlberg, Pasquale Zarlenga, Raymond Rigney, Eric Anderson, JoAnn Howard, Stephen J. Grande, Paul Enos, David Spino, and David Schiapo in their capacity as Bricklayer Funds' Trustees (hereinafter collectively ("Bricklayer Trustees", Bricklayers Funds and Bricklayers Trustees hereinafter jointly referred to as "Bricklayers") hereby answer the First Amended Third-Party Complaint of Manuel R. Pavao Contractor, Inc. (hereinafter "Pavao") and state as follows:

10

**As to Facts Common to Allegations:**

1. Bricklayers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint and therefore deny those allegations.

2. Bricklayers admit that Bricklayers Funds' principal place of business is located at 200 Midway Road, Suite 169, Cranston, Rhode Island 02920, and deny the remaining allegations contained in paragraph 2 of the Amended Complaint.

3. Bricklayers admit that Joseph Contarino, Pasquale Zarlenga, Raymond Rigney, Eric Anderson, and JoAnn Howard are Trustees of the Rhode Island Bricklayers Annuity Fund and further state that J. Robert Wahlberg has recently passed away.

4. Bricklayers admit the allegations contained in paragraph 3 of the Amended Complaint.

5. Bricklayers admit that Joseph Contarino, Pasquale Zarlenga, Raymond Rigney, Eric Anderson, and JoAnn Howard are Trustees of the Rhode Island Bricklayers Pension Fund and further state that J. Robert Wahlberg has recently passed away.

6. Bricklayers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint and therefore deny those allegations.

7. Bricklayers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and therefore deny those allegations.

8. Bricklayers deny the allegations contained in paragraph 8 of the Amended Complaint.

9. Bricklayers deny that payments made to Bricklayers Funds by Pavao were required to be made to Plasterers and Cement Masons Union Local 40 and deny Pavao's characterization of the terms of the Agreement entered into between Pavao and Plasterers and Cement Masons Union Local 40 and respectfully refer the Court to the Agreement for the terms thereof.

10. Bricklayers deny that payments made to Bricklayers Funds were made in error and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Amended Complaint and therefore deny those allegations.

11. Bricklayers admit that Pavao made benefit payments in the amount of Six Thousand Five Hundred Seventy-One Dollars and Fourteen Cents ($6,571.14) to Bricklayers Benefit Funds and deny the remaining allegations contained in paragraph 11 of the Amended Complaint.

**As to Count I – Indemnification:**

12. Bricklayers repeat their answers to paragraphs 1 through 11 of the Amended Complaint.

13. Bricklayers admit that Plasterers and Cement Masons Union Local 40 has alleged that it is owed benefits on behalf of Henrique DaSilva and deny the remaining allegations contained in paragraph 13 of the Amended Complaint.

14. Bricklayers deny the allegations contained in paragraph 14 of the Amended Complaint.

15. Bricklayers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore deny those allegations.

**As to Count II – Contribution:**

16. Bricklayers repeat their answers to paragraphs 1 through 15 of the Amended Complaint.

17. Bricklayers admit that Plasterers and Cement Masons Union Local 40 has alleged that it is owed benefit payments on behalf of Henrique DaSilva and deny the remaining allegations contained in paragraph 17 of the Amended Complaint.

18. Bricklayers deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Bricklayers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint and therefore deny those allegations.

**As to Count III – Conversion:**

20. Bricklayers repeat their answers to paragraphs 1 through 19 of the Amended Complaint.

21. Bricklayers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint and therefore deny those allegations.

22. Bricklayers deny the allegations contained in paragraph 22 of the Amended Complaint.

23. Bricklayers deny the allegations contained in paragraph 23 of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Third-Party Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, third-party defendants, Bricklayers Funds and Bricklayers Trustees, hereby request that the Court grant the following relief:

As to Count I:

A. Judgment dismissing the Amended Complaint and awarding costs and reasonable attorneys fees to the Third-Party Defendants; and

B. Such other legal or equitable relief as this Court deems necessary and proper.

As to Count II:

A. Judgment dismissing the Amended Complaint and awarding costs and reasonable attorneys fees to the Third-Party Defendants; and

B. Such other legal or equitable relief as this Court deems necessary and proper.

As to Count III:

A. Judgment dismissing the Amended Complaint and awarding costs and reasonable attorneys fees to the Third-Party Defendants; and

B. Such other legal or equitable relief as this Court deems necessary and proper.

RHODE ISLAND BRICKLAYERS ANNUITY FUND, ET AL.
By their Attorneys,

David D. Barricelli

David D. Barricelli (#4763)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)

DATED: December 13, 2004

**CERTIFICATION**

TO:

Daniel K. Kinder, Esq.
Joseph P. Quinn, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Joseph Pezza, Esq.
Rodio & Ursillo, Ltd.
86 Weybosset Street
Providence, RI 02903

I certify that I mailed a true and accurate copy of the within Answer to First Amended Third-Party Complaint to counsel of record, as set forth above, on December 13, 2004.

Donna M. Falcoa